UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISTA RECORDS LLC, et al.,<br><br>                              Plaintiff,<br>vs.<br>JASON IBANEZ,<br><br>                              Defendant. | CASE NO. 07 CV 1037 JM (POR)<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

      Plaintiffs Arista Records LC, Fonovisa Inc., Sony BMG Music Entertainment, Warner Bros. Records Inc., Priority Records LLC, and Capitol Records, Inc. (collectively, "Plaintiffs") move for entry of default judgment against defendant Jason Ibanez in the amount of $5,670 and to permanently enjoin him from directly or indirectly infringing Plaintiffs' copyrights. Defendant has not appeared in this action. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court enters default judgment against Defendant in the total amount of $5,670 and grants the motion for permanent injunction.

**I.    BACKGROUND**

      On June 7, 2007, Plaintiffs commenced this copyright infringement action against Defendant alleging that he violated Plaintiffs' copyrights by using an online media distribution system to download, distribute, and/or make available for distribution copyrighted materials. (Compl. ¶14). Defendant has been served with the summons and complaint but has yet to appear in this action.

      On September 24, 2007, the Clerk of Court entered default against Defendant. Plaintiffs now

1 move for a default judgment in the amount of $5,250 in damages and $420 in costs, and a permanent
2 injunction to enjoin Defendant from any future conduct that infringes their copyrights. Defendant
3 has not responded to the motion for default judgment.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b) provides, in pertinent part, that after entry of default, "the party entitled to a judgment by default, shall apply to the court therefor." Ordinarily, the default itself established the defendant's liability. "Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true," but not allegations as to the amount of damages. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d. 1319, 1323 (3d Cir. 1983); TeleVideo Sys. Inc. v. Heidenthal, 826 F.2d. 915, 917 (9th Cir. 1994). The amount of damages may be determined from the allegations of the complaint although those allegations are not controlling. Dundee, 722 F.2d. at 1323-24. Where the plaintiff is entitled to reasonable attorneys' fees by either contract or statute, the court will determine the amount to be awarded. James v. Frame, 6 F.3d 307, 311 (3d Cir. 1993).

The granting or denying of a default judgment is within the court's sound discretion. Draper v. Combs, 792 F.2d 915 (9th Cir. 1986). The following factors are considered in determining whether to grant a default judgment: (1) the substantive merits of plaintiff's claim; (2) the sufficiency of the complaint; (3) the amount of money at stake; (4) the possibility of prejudice to plaintiff if relief is denied; (5) the possibility of dispute as to any material facts in the case; (6) whether excusable neglect caused the default, and (7) policy considerations militating in favor of considering cases on their merits rather than resolving matters through default judgment procedures. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, the complaint's allegations establish that Plaintiffs are entitled to entry of default judgment on their claims for copyright infringement because Defendant infringed Plaintiffs' exclusive rights under the Copyright Act. See 17 U.S.C. §§ 106, 501(a)-(b). Plaintiffs have demonstrated ownership of the copyrights at issue and that Defendant, without Plaintiffs' permission, used an online media distribution system to download, distribute, and/or make available for distribution the recordings. (Compl. ¶¶12-18). Consequently, the court concludes that the complaint's allegations

adequately establish liability on the copyright claim.

The only other issues concern the amount of damages and possibility of injunctive relief. Plaintiffs seek an award of statutory damages under § 504 of the Copyright Act in the total amount of $5,250, an award of costs in the amount of $420, and to permanently enjoin Defendant from directly or indirectly infringing their copyrights.

Plaintiffs seek statutory damages pursuant to 17 U.S.C. § 504, which provides that the copyright owner may elect to recover an award of statutory damages for all infringements involved in the action in a sum of not less than $750 nor more than $30,000. 17 U.S.C. §504(c); Los Angeles News Serv. v. Reuters Television Int'l, Ltd., 149 F.3d 987, 996 (9th Cir. 1998), cert.denied 525 U.S. 1141 (1999) ("a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or the profits reaped by defendant, in order to sanction and vindicate the statutory policy of discouraging infringement" (internal citations and quotations omitted)). Plaintiffs seek the statutory minimum of $750 for each of the seven copyrights violated by Defendant. The court finds this amount reasonable and appropriate under the circumstances.

Plaintiffs also seek an award of costs in the amount of $420 (for filing fees and cost of service of process) pursuant to 17 U.S.C. § 505. The court finds this amount reasonable and appropriate under the circumstances.

Finally, Plaintiffs seek to permanently enjoin Defendant from violating their copyrights pursuant to 17 U.S.C. § 502(a) (the court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"). A party seeking a permanent injunction must establish the requisite success on the merits and irreparable harm to warrant injunctive relief. Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). As noted by Plaintiffs, "[i]n copyright cases, irreparable harm is presumed on a showing of a reasonable likelihood of success on the merits, and, thus, 'a showing of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction.'" (See Mot. at 9 (quoting Sega Enterprises Ltd. v. MAPHIA, 948 F.Supp. 923, 940 (N.D. Cal. 1996)).) Here, Plaintiffs have adequately demonstrated success on the merits and that continued violations of their copyrights would cause them irreparable harm. Further, entry of a permanent injunction is consistent with the goals of

1 § 502 of the Copyright Act to protect the public's interest in upholding copyright protections. See
2 Autoskill Inc. v. National Educ. Support Sys., Inc., 994 F.2d 1476, 1499 (10th Cir.), cert. denied, 510
3 U.S. 916 (1993). A review of the authorities submitted by Plaintiffs indicates that courts frequently
4 grant permanent injunctions by means of default judgment where a defendant infringes copyrights and
5 then fails to appear in an action to give assurances that such activity would cease. See Jackson v.
6 Sturke, 255 F.Supp. 2d 1096, 1103 (N.D. Cal. 2003); Pepsi Co., Inc. v. Cal. Sec. Cans, 238 F.Supp.
7 2d 1172, 1177 (N.D. Cal. 2002). In sum, the court concludes, in light of the scope and nature of
8 Defendant's infringement, that granting the requested permanent injunctive relief will foster public
9 interest in upholding copyright protection and protect Plaintiffs' copyright interests.

10 In sum, the Clerk of Court is instructed to enter judgment against Defendant Ibanez and in
11 favor of Plaintiffs in the total amount of $5,670.

12 **IT IS ALSO ORDERED:**

13 Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs'
14 rights under federal or state law in the following copyrighted sound recordings:

15 1. "My Way," on album "My Way," by artist "Usher" (SR# 257-730);
16 2. "Amigo Bronco," on album "20 Exitos," by artist "Bronco" (SR # 256-014);
17 3. "I Gave You Power," on album "It was Written," by artist "Nas" (SR# 220-016);
18 4. "Emotion," on album "Survivor," by artist "Destiny's Child" (SR# 289-199);
19 5. "Otherside," on album "Californication," by artist "Red Hot Chili Peppers" (SR# 174-922);
20 6. "Hello," on album "War & Peace: Vol. 2," by artist "Ice Cube" (SR# 287-151);
21 7. "Behind the Sun," on album "The Uplift Mofo Party Plan," by artist "Red Hot Chili Peppers"
22    (SR# 93-015);

23 and in any other sound recording, whether now in existence or later created, that is owned or
24 controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs)
25 ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media
26 distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e.,
27 upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for
28 distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

1 Defendant shall also destroy all copies of Plaintiffs' Recordings that defendant has downloaded onto
2 any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those
3 downloaded recordings transferred onto any physical medium or device in Defendant's possession,
4 custody, or control.

**IT IS SO ORDERED.**

DATED: January 4, 2008

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties